**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MOHAMED BIN ZAYED AL NAHYAN, Sheikh; SAEED HILAL ABDULLAH AL DARMAKI, General, | No. 11-70018<br><br>D.C. No. 2:09-cv-01106-DMG-FMO |
| MOHAMED BIN ZAYED AL NAHYAN, Sheikh; SAEED HILAL ABDULLAH AL DARMAKI, General,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES,<br><br>　　　　　Respondent,<br><br>KHALED AL HASSEN,<br><br>　　　　　Real Party in Interest. | MEMORANDUM[*] |

Petition for Writ of Mandamus to the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

---

　　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 5, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Petitioners Sheikh Mohamed Bin Zayed Al Nahyan and General Saeed Hilal Abdullah Al Darmaki ask this court to issue a writ of mandamus to compel the district court to dismiss Plaintiff Khaled Hassen's lawsuit against Petitioners for lack of personal jurisdiction and for failure to state a claim. We have appellate jurisdiction under 28 U.S.C. § 1651 and we decline to issue the writ.

"Mandamus is a drastic remedy, to be invoked only in extraordinary situations." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1099 (9th Cir. 1999) (internal quotation marks omitted). "Only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion will justify the invocation of this remedy." *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (internal quotation marks omitted). In considering whether to issue the writ, an important factor is whether "[t]he district court's order is clearly erroneous as a matter of law." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

Because the district court did not commit a clear error of law, the exceptionally high standard for issuing the writ has not been met. For specific

2

personal jurisdiction to lie, the claim must arise out of *or relate to* the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Here, the district court found that Plaintiff adequately alleged that Petitioners abducted and tortured him because of Petitioners' desire to harm American business interests and acquire U.S. state secrets. At least one case supports the proposition that personal jurisdiction may exist based on harm to third parties, when that harm is "related to" a plaintiff's claims. *See Mwani v. bin Laden*, 417 F.3d 1, 11–14 (D.C. Cir. 2005); *cf. Paccar Int'l, Inc. v. Comm. Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064 (9th Cir. 1985) (finding that a third-party bank's reliance on the contract in the forum state satisfied the "arises out of" prong of the test for personal jurisdiction). Although we express no opinion on the outcome were this de novo review, mandamus is not an appropriate remedy at this stage.

Similarly, Petitioners have not shown that the district court's equitable tolling decision was clear error. Plaintiff alleged that he reasonably feared for his own safety were he to file suit, until U.S. border security was tightened after the attacks of September 11, 2001. Petitioners have cited no case holding that they are entitled to judgment as a matter of law on analogous facts. Again, we note that we are not exercising de novo review, and that mandamus is not an appropriate

remedy.[1]

Lastly, while we acknowledge that this case implicates important foreign policy interests, the U.S. Department of State has not indicated its position before this court.

PETITION DENIED.

---

[1] The district court declined to certify these questions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). A writ of mandamus does not provide us with an avenue to review that decision. *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1338 (9th Cir. 1976). The district court may well have been advised to grant the certificate, given the novel and difficult legal questions presented by this case.